FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2020 JUN -2 PM 4:57

JEFFREY P. COLWELL
CLERK

BY________DEP. CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________
(To be supplied by the court)

Kimberly JaJack, Plaintiff

v.

New York Life Insurance Company (New York Life),

______________________,

______________________,

______________________, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Kimberly JaJack, P.O. Box 3191, Parker, CO 80134

(Name and complete mailing address)

(303) 598-8917; Kimberly.JaJack@gmail.com

(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: New York Life Insurance Company, 51 Madison Avenue, New York, NY 10010

(Name and complete mailing address)

For Service of Process: Division of Insurance, Registered Agent, 1560 Broadway, Denver, CO 80202

(Telephone number and e-mail address if known)

Defendant 2: ______________________________

(Name and complete mailing address)

______________________________

(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

XX Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

____ Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

XX Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

XX Other: (*please specify*) Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981) and Colorado Anti-Discrimination Act



6-2-2020 KJ

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire
XX different terms and conditions of employment
___ failure to promote
___ failure to accommodate disability
XX termination of employment
___ retaliation
XX other: (*please specify*) Disparate Impact

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

XX race
___ religion
___ national origin
___ age
___ color
___ sex
___ disability

Supporting facts:

See additional page of D. Statement of Claims



6-2-2020 KS

CLAIM TWO: Racial Discrimination in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)

The conduct complained of in this claim involves the following: (*check all that apply*)

__ failure to hire
XX different terms and conditions of employment
__ failure to promote
__ failure to accommodate disability
XX termination of employment
__ retaliation
XX other: (*please specify*) Disparate Impact

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

XX race
__ religion
__ national origin
__ age
__ color
__ sex
__ disability

Supporting facts:

See additional page of D. Statement of Claims

Click Here for Additional Claim



6-2-2020

CLAIM Thre: Racial Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)

The conduct complained of in this claim involves the following: (*check all that apply*)

- ___ failure to hire
- XX different terms and conditions of employment
- ___ failure to promote
- ___ failure to accommodate disability
- XX termination of employment
- ___ retaliation
- XX other: (*please specify*) Disparate Impact

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

- XX race
- ___ religion
- ___ national origin
- ___ age
- ___ color
- ___ sex
- ___ disability

Supporting facts:

See Additional page of D. Statement of Claims



6-2-2020
(KX)

CLAIM Four: Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire
XX different terms and conditions of employment
___ failure to promote
___ failure to accommodate disability
XX termination of employment
___ retaliation
___ other: (*please specify*) ___

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

___ race
___ religion
___ national origin
___ age
___ color
XX sex
___ disability

Supporting facts:

SEE Additional Page of D. Statement of Claims



6-2-2020

CLAIM Five : Sex Discrimination in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire

XX different terms and conditions of employment

____ failure to promote

____ failure to accommodate disability

XX termination of employment

____ retaliation

____ other: (*please specify*) ____________________

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

____ race

____ religion

____ national origin

____ age

____ color

XX sex

____ disability

Supporting facts:

See Additional page of D. Statement of Claims



6-2-2020

CLAIM Six: Sex Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire

XX different terms and conditions of employment

___ failure to promote

___ failure to accommodate disability

XX termination of employment

___ retaliation

___ other: (*please specify*) ______

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

___ race ___ religion ___ national origin ___ age

___ color XX sex ___ disability

Supporting facts:

See Additional page of D. Statement of Claims



6-2-2020
(JG)

CLAIM Seve: Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire

XX different terms and conditions of employment

___ failure to promote

___ failure to accommodate disability

XX termination of employment

XX retaliation

___ other: (*please specify*) __________

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

XX race

___ religion

___ national origin

XX age

___ color

XX sex

___ disability

Supporting facts:

See additional page of D. Statement of Claims.



6-2-2020

CLAIM Eight: Retaliation in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire
XX different terms and conditions of employment
____ failure to promote
____ failure to accommodate disability
XX termination of employment
XX retaliation
____ other: (*please specify*) __________

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

XX race
____ religion
____ national origin
XX age
____ color
XX sex
____ disability

Supporting facts:
See Additional page of D. Statement of Claims.



6-2-2020

CLAIM Nine: Retaliation in Violation of the Colorado Anti-Discrimination Act (CADA)

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire

XX different terms and conditions of employment

___ failure to promote

___ failure to accommodate disability

XX termination of employment

XX retaliation

___ other: (*please specify*) ______________________

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

XX race

___ religion

___ national origin

XX age

___ color

XX sex

___ disability

Supporting facts:

See Additional page of D. Statement of Claims.



6-2-2020

CLAIM Ten : Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967 (ADEA)

The conduct complained of in this claim involves the following: (*check all that apply*)

___ failure to hire
XX different terms and conditions of employment
___ failure to promote
___ failure to accommodate disability
XX termination of employment
XX retaliation
___ other: (*please specify*) ___

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

___ race
___ religion
___ national origin
XX age
___ color
___ sex
___ disability

Supporting facts:
See additional page of D. Statement of Claims



6-2-2020 (KJ)

CLAIM Eleve: Age Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)

The conduct complained of in this claim involves the following: (*check all that apply*)

| | |
|---|---|
| ___ failure to hire | XX different terms and conditions of employment |
| ___ failure to promote | ___ failure to accommodate disability |
| XX termination of employment | XX retaliation |
| ___ other: (*please specify*) ______ | |

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

| | | | |
|---|---|---|---|
| ___ race | ___ religion | ___ national origin | XX age |
| ___ color | ___ sex | ___ disability | |

Supporting facts:

See additional page of D. Statement of Claims.



6-2-2020

**E. ADMINISTRATIVE PROCEDURES**

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

☑ Yes (***You must attach a copy of the administrative charge to this complaint***)

☐ No

Have you received a notice of right to sue? (*check one*)

☑ Yes (***You must attach a copy of the notice of right to sue to this complaint***)

☐ No

**F. REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

Injunctive relief restraining Defendant from engaging in discriminatory conduct.

SEE Additional page of F - Request For Relief (page 15+16)

**G. PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

[signature]
(Plaintiff's signature)

June 2, 2020
(Date)

(Revised December 2017)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974 See enclosed Privacy Act Statement and other information before completing this form

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s): 541-2020-00220

**Colorado Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr , Ms , Mrs )* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Kimberly Jajack** | [illegible] | [illegible] **1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **PO Box 3191, Parker, CO 80134** | |

OCT 25 2019

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|
| **NEW YORK LIFE INSURANCE COMPANY** | **500 or More** | **(303) 744-2000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3200 Cherry Creek South Drive, Suite 700, Denver, CO 80209** | |

| Name | No Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es) )*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **01-23-2018** | **09-30-2019** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was interviewed by Managing Partner (male/Hispanic)("MP") and Partner Scott Braun (male/white). As a result, I was hired on January 23, 2018 to perform the duties of an Agent. During my employment, I was not provided with the training and support necessary to succeed. For example, although I passed the required training/test for life insurance products, annuity products and employee whole life products, I was not entered into NYL's system, this denied me the opportunity to take applications for the previously mentioned products which had a negative effect on my financial livelihood. My employer delayed my FINRA registration. Subsequently, I had to file a complaint of discrimination in or around November 28, 2018 which named the MP and others. My employer conducted a biased investigation based on inaccurate information. The discrimination continued in the form of but, not limited to, double charging of my clients and customer service errors which resulted in lost business. In August 2019, the MP told me that I needed to fulfill my contract, or I would be terminated. Subsequently, I was discharged for allegedly failing to meet goals/quotas, my concern is that those not in my protected group are not held to the same standard.

I believe I have been discriminated against because of my sex (female), my race (African-American) and retaliated against for opposing discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended. Furthermore, I believe I have been discriminated against because of my age (56) and retaliated against for opposing discrimination in the workplace in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct

**Oct 25, 2019** [signature]

*Date* *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Kimberly Jajack**
**PO Box 3191**
**Parker, CO 80134**

From: **Denver Field Office**
**303 East 17th Avenue**
**Suite 410**
**Denver, CO 80203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601 7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **541-2020-00220** | Christopher D. Padilla, Supervisory Investigator | (303) 866-1341 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

**On behalf of the Commission**

Amy Burkholder,
**Field Office Director**

MAR 12 2020
*(Date Mailed)*

Enclosure(s)

cc NEW YORK LIFE INSURANCE COMPANY

**CLAIM ONE: Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Disparate Impact

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Race

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM TWO: Racial Discrimination in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Disparate Impact

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Race

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM THREE: Racial Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Disparate Impact

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Race

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM FOUR: Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Sex

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM FIVE: Sex Discrimination in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Sex

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM SIX: Sex Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Sex

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM SEVEN: Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Race, sex and age

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM EIGHT: Retaliation in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Race, sex and age

Supporting facts:
See additional page of D. Statement of Claims



6-2-2020

**CLAIM NINE: Retaliation in Violation of the Colorado Anti-Discrimination Act (CADA)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Race, sex and age

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM TEN: Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967 (ADEA)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Age

Supporting facts:
See additional page of D. Statement of Claims

**CLAIM ELEVEN: Age Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)**

The conduct complained of in this claim involves the following: (*check all that apply*)

Different terms and conditions of employment; Termination of employment; Retaliation

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*) Age

Supporting facts:
See additional page of D. Statement of Claims



6-2-2020

## D. Statement of Claims – First Claim

**Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended**

1. Plaintiff, an African-American female, is in a protected characteristic under federal law of the Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981), Age Discrimination in Employment Act (ADEA), and the Colorado Anti-Discrimination Act (CADA). Plaintiff is a citizen of the United States and a resident of the State of Colorado. Plaintiff has been denied the term and condition of a contractual relationship because of racial, sex and age discrimination, harassment, and retaliation that interfered with her protected rights, and upon belief, it was intentional and with malice. Defendant New York Life Insurance Company (New York Life) subjected plaintiff to differential treatment because of her race, sex and age and failed to prevent and properly investigate the discrimination complaint against plaintiff, and retaliated for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981), and the Colorado Anti-Discrimination Act (CADA). Racial discrimination is evident at New York Life in that the Corporate Vice President in New York Life's Cultural Market Division complained about the differential treatment of African Americans and New York Life continued to operate its business in violation of the Title VII of the Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981). As a result of the discriminatory conduct, New York Life made it impossible for the plaintiff to trust them with her clients and businesses, especially those of high-net, which are leery of any dishonesty that would cause them a financial loss.

2. January 2018, Plaintiff was hired by New York Life, Colorado General Office, as a qualified insurance agent and met the threshold for triggering her contract in March 2018,



6-2-2020

to solicit applications for individual life insurance, annuity policies, long-term care polices and employee whole life policies on the company's behalf. New York Life Corporate Headquarters: 51 Madison Avenue, New York, New York 10010. Plaintiff also has two Master's Degrees. During plaintiff tenure, she had accomplished all of her training and development required courses, had achievements and earned a Partner's RoundTable achievement in February 2019.

3. Plaintiff first-level supervisor was Scott Braun, a white male, who was a Partner; her second level supervisor was Arthur Garcia (Leroy), Managing Partner, a Hispanic male. Mr. Garcia is no longer Managing Partner and is being named in his previous official capacity only. Scott Braun is no longer employed as a Partner with New York Life and being named in his previous official capacity only. Upon Mr. Braun resignation with the company, Mr. Garcia became plaintiff first level supervisor. Plaintiff first-year commissions were based on a percentage from sales of New York Life products. Plaintiff was required to pay telephone expenses, copies, rental space, postage, stationery, professional liability insurance, dental, life, vision insurance, monthly breakfast meetings, etc. that was charged by New York Life. At the time of her termination of September 30, 2019, plaintiff had recently signed a Registered Representative Agreement enabling plaintiff to sell securities products.

4. On or about February 2018, New York Life intentionally assigned plaintiff to a racial group "African-American Market Unit (AAMU) to predominantly sell life insurance products and other financial services to the African-American community based on their belief that plaintiff should because of her race, an African-American. New York Life continued a discriminatory practice by addressing its African-American communication salutation as "Dear African American Market Agents, Managers, and Supporters". In March and April 2018, Leroy Garcia wanted to make sure the plaintiff was aware of the African American Market Unit



6-2-2020

because of defendant's expectation to concentrate and have her business in the African American community, based on plaintiff race. Based on information, during a Cultural Markets Day, New York Life segregated African-American, Hispanic, and Asian agents into groups based on their racial lines. Caucasian males and females agents were not in attendance.

5. On or about February 2018, Scott Braun notified plaintiff of "Outstanding contracting requirements". Prior to plaintiff's hire she had not been notified of any outstanding contract requirements.

6. Plaintiff has been intentionally discriminated and harassed on the basis of her race, sex and age, in that New York Life subjected her to disparate treatment and impact in the terms and condition of her employment and retaliated against, when she complained about such discrimination. Because of New York Life intentional discrimination they denied plaintiff potential earnings, coaching, training and development, and support necessary to achieve success and advance her career. Defendants' actions were pretext to hide the discriminatory animus and plaintiff was subject to discrimination and a hostile environment based on race, sex and age in the term of conditions of her employment.

7. Leroy Garcia engaged in highly unprofessional, hostile and abusive behavior to include but not limited, in that he intentionally undermined and discredited plaintiff during clients meetings in order disregard her as a competitor to non-African Americans and males. Leroy Garcia and Scott Braun both engaged in derogatory and demeaning statements during white female client meetings. In addition, male agents engaged in intentional derogatory behavior in client meetings that undermined plaintiff that cost her business and money.

8. Plaintiff was denied training class based on her race and sex and have constantly been held to attend training sessions and was documented for being late by Renae Morrish,



6-2-2020

Senior Director of Development, a white female; whereas a male agent who arrived after plaintiff was excused for being late and allowed to sign-in on time; plaintiff was intentionally overlooked and not asked to sign in. Caucasians and males were often excused for being late when they were 20, 30, or 40 minutes late and allowed to sign in on time, even when plaintiff was on time. Leroy Garcia would often make plaintiff wait to start coaching and development sessions because a young Caucasian female, Kathleen Phillips, was late. In addition, Mr. Garcia was often late to plaintiff clients meeting causing her further humiliation and embarrassment.

9. New York Life denied plaintiff the opportunity to take applications when she completed and complied with all of New York Life's product training requirements, and any other educational requirements, and upon belief, other agents did not experience these delays. In addition, New York Life sabotaged prospective client(s), humiliated and embarrassed and plaintiff with "customer service errors", "clerical errors" and double charging of premiums. As a result of this discrimination, harassment and retaliation, New York Life intentionally interfered with plaintiff performance because of her race and sex by refusing to support her and denying her an increase of production, commission and ability to increase business.

10. On or about August, 2018, Leroy Garcia treated plaintiff differently from non-African Americans agents, both males and females, in that he intentionally delayed plaintiff Series 6 FINRA registration and potential earning. Plaintiff learned that a white female agent, who was hired after plaintiff, was instructed by Mr. Garcia to take her Series 6 FINRA examination before October 2018 because FINRA was restructuring its guidelines and a white male had his Series 6 FINRA registration opened after a few months of being employed with New York Life. Because of the months delay plaintiff had to take FINRA's two examination (Securities Industry Essentials (SIE) a requisite and the Series 6 exam) instead of one examination that was prior to



6-2-2020

October 2018. Plaintiff could not sell a full range of financial products that could increase productions, commission and ability to increase her business. As a result, plaintiff was limited to selling basic insurance products and other products.

11. On November 28, 2018, plaintiff filed a discrimination complaint within New York Life. Corporate Vice President Bonnie Passannante did not contact plaintiff until mid-December 2018 to discuss her complaint. On or about January 15, 2019, New York Life concluded its investigation and Ms. Passannante sent plaintiff a disclosure letter of the investigation, which were not accurate and biased. Subsequently Ms. Passannante falsely accused plaintiff of a compliance violation. Plaintiff sent a rebuttal. Ms. Passannante agreed to have plaintiff 1:1development coaching sessions (PRP) with Sales development Manager David "DJ" Ray. Plaintiff contacted DJ to schedule her required meetings as agreed, however, after the discrimination investigation concluded on January 15, 2019, New York Life directed plaintiff to meet with co-managing partner Roman Hubbard instead. When plaintiff asked Bonnie Passannante why the agreement changed, New York Life threatened plaintiff by saying "If you make the decision not to attend that decision could have a negative impact on your business". New York Life took adverse action by sabotaging clients and her business.

12. On September 30, 2019, Leroy Garcia met with plaintiff and stated that she should resign so it would not look bad on her FINRA U4 for being terminated for low productivity. Plaintiff did not resign because of New York Life racial, sex and age discrimination and retaliation. Mr. Garcia terminated plaintiff's contract. It was New York Life racial, sex discrimination, harassment and retaliation that caused intentional interference with the plaintiff performance and denial to support her business career and denial to enjoy the benefits and privileges of a contractual relationship as Caucasian and male agents.



6-2-2020

13. Leroy Garcia denied plaintiff fair treatment and discriminated in that he intentionally interfere in contractual relations and denied plaintiff the support and duty of care to achieve production goal(s), whereas non-African Americans, both males and females agents, were given support and "leads" to help them reach their goals and succeed. Mr. Garcia refused to take reasonable steps to inform plaintiff of a de minimis amount of contractual production goals, in the terms and conditions of employment.

14. Plaintiff has been intentionally discriminated and harassed against on the basis of her race, sex and age, in that New York Life subjected her to disparate treatment in the terms and condition of her employment and retaliated against, when she complained about such discrimination. Because of New York Life intentional discrimination they denied plaintiff potential earnings, coaching, and support necessary to achieve success and advance her career. New York Life disparate treatment of giving "leads" to help non-African American agents reach their goal and succeed to include but not limited to, partner Todd Miller, a Caucasian male gave agent Leslie Elson (a younger agent) leads to win the Career Summit program in Las Vegas, and Ms. Elson admitted that she did not deserve the recognition because Todd Miller, "gave her the client leads and did all the work". New York Life's actions were pretext to hide the discriminatory animus and plaintiff was subject to discrimination and a hostile environment based on race, sex and age in the term of conditions of her employment.

15. New York Life's conduct was pretext to hide the racial, sex discriminatory actions. As a result, the defendant caused injury to plaintiff's career and harm to her business. Leroy Garcia refused to address plaintiff's concern of customer service, clerical errors, and other issues. As a result, but not limited to, this forced plaintiff to file a formal complaint with the Division of



6-2-2020

Insurance to resolve her client's financial issue(s) and contacted the Denver Police Department as a safety precaution to address another client issue.

## D. Statement of Claims – Second Claim

**Racial Discrimination in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)**

16. Plaintiffs hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

17. By the actions described above, but not limited to, New York Life have discriminated against plaintiff on the basis of her race in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are Caucasian, including, but not limited to, subjecting her to disparate working conditions and denying them terms and conditions of employment equal to that of employees who are Caucasian.

## D. Statement of Claims – Third Claim

**Racial Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)**

18. Plaintiffs hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

19. By the actions described above, but not limited to, New York Life have discriminated against plaintiff on the basis of her race in violation of Colorado Anti-Discrimination Act by denying her the same terms and conditions of employment available to employees who are Caucasian, including, but not limited to, subjecting her to disparate working conditions and denying them terms and conditions of employment equal to that of employees who are Caucasian.

## D. Statement of Claims – Fourth Claim

**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended**

20. The above paragraphs 1-15, 17 and 19 are re-allege and incorporated by reference herein.



6-2-2020

21. The sex discrimination against the plaintiff by New York Life Company include, but are not limited to: (1) In or around February 2019, at a monthly PRIDE breakfast meeting for new organizational agents, Roman Hubbard, a white male, stated this is a "Jock Shop" and if you don't like it you can go elsewhere; (2) plaintiff, a female, documented for being late for training whereas a male agent was excused for being late and was allowed to sign-in on time and she was not asked to sign in, and a male managing partner were excused for being late to plaintiff client meetings; (3) plaintiff, a female, was subject to demeaning and hostility by male management to include but not limited, during white female client meetings; (4) plaintiff, a female, had her Series 6 FINRA registration delayed, whereas a male agent was treated better with no delays in FINRA registration and given the opportunity open the registration after one month of being hired giving him higher earning potential; and (5) plaintiff, a female, was treated less favorably than a male agent when he double charged premiums to plaintiff's client.

## D. Statement of Claims – Fifth Claim

**Sex Discrimination in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)**

22. The above paragraphs 1-15, 17, 19, and 21 are repeats and realleges and incorporated by reference herein.

## D. Statement of Claims – Sixth Claim

**Sex Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)**

23. The above paragraphs 1-15, 17, 19, and 21 are repeats and realleges and incorporated by reference herein.

## D. Statement of Claims – Seventh Claim

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended**

24. Plaintiffs hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.



6-2-2020

25. November 28, 2018, plaintiff filed a discrimination complaint within New York Life. Corporate Vice President Bonnie Passannante did not contact plaintiff until mid-December 2018, to discuss her complaint.

26. On or about January 15, 2019, New York Life concluded its biased discrimination complaint and some details were not accurate and not addressed. Plaintiff sent a rebuttal. Corporate Vice President Bonnie Passannante later falsely accused plaintiff of a compliance violation. Ms. Passannante agreed to have plaintiff 1:1development coaching sessions (PRP) with Sales development Manager David "DJ" Ray. Plaintiff contacted DJ to schedule her required meetings as agreed, however, after the discrimination investigation concluded on January 15, 2019, New York Life directed plaintiff to meet with co-managing partner Roman Hubbard instead. When plaintiff asked Bonnie Passannante why the agreement changed, New York Life threatened plaintiff by saying "If you make the decision not to attend that decision could have a negative impact on your business". New York Life took adverse action by denied support, sabotaging clients and her business.

27. From January 2019 through July 2019, plaintiff endured many customer service errors, clerical errors, and medical examinations errors, etc., from New York Life that undermined plaintiff, angered her clients and caused plaintiff loss of business.

28. Leroy Garcia retaliated against plaintiff when he refused to address plaintiff's concern of customer service and clerical errors and forced plaintiff to file a formal complaint with the Division of Insurance to resolve her clients' financial issue(s), and contacted the Denver Police Department as a safety precaution for another client. Furthermore, when plaintiff informed Mr. Garcia of issues of her client's "errors", he responded by saying, you having a lot of issues with this lately.



6-2-2020

29. In or about July 2019, Mr. Garcia refused to take reasonable steps to inform plaintiff of contractual production goals, one of de minimis, and retaliated against plaintiff for filing a complaint of discrimination.

30. September 30, 2019, Leroy Garcia retaliated against plaintiff when he terminated plaintiff's contract leaving New York Life with her clients and an intentional disregard of plaintiff's protected Title VII of the Civil Rights. Plaintiff does not believe other non-African American contracts were automatically terminated because of contractual production goals.

31. New York Life conduct as state above constitutes retaliation against the plaintiff because she engaged in activities protected by Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981) and Colorado Anti-Discrimination Act (CADA). The Defendant's conduct was pretext to hide the defendant's retaliation.

32. New York Life conduct was intentional, willful and with malice against plaintiff for opposing race discrimination and different terms and conditions which denied her support and disregard of her protected rights and subject plaintiff to harassment.

33. Because of New York Life intentional discrimination and retaliation, the Defendant caused intentional stress, injury to her career, harm to her business, financial damages and other injury.

## D. Statement of Claims – Eighth Claim

**Retaliation in Violation of Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981)**

34. The above paragraphs 1-15, 17, 19, 21, 25, 26, 27, 28, 29, 30, 31, 32 and 33 are repeats and realleges and incorporated by reference herein.



6-2-2020

## D. Statement of Claims – Ninth Claim
**Retaliation in Violation of the Colorado Anti-Discrimination Act (CADA)**

35. The above paragraphs 1-15, 17, 19, 21, 25, 26, 27, 28, 29, 30, 31, 32 and 33 are repeats and realleges and incorporated by reference herein.

## D. Statement of Claims – Tenth Claim
**Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA)**

36. Plaintiffs hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

37. New York Life's conduct as alleged constitutes discrimination based on Age discrimination in violation of ADEA.

38. At the time plaintiff was hired, she was over 40 years of age and qualified for the job.

39. Leroy Garcia intentionally denied plaintiff support to achieve her production goal by practicing age discrimination, in particular, by giving a younger female agent, Jennifer Kersey, who often wore very low-cut tops and extremely short skirts and dresses his life insurance policy in order to help Ms. Kersey reach her production goal to preserve her contract.

40. Leroy Garcia would treat younger agents more favorably to include, but not limited to, making the plaintiff wait to start coaching and development sessions because a young female agent, Kathleen Phillips, was late, and giving support to a younger male agent when he intentionally double charged premiums to plaintiff client, as a result of conducting joint work.

41. New York Life treated plaintiff less favorably because of her age and documented her for being late and overlooked her to sign-in. A younger male agent who came in late after plaintiff was asked to sign-in on time. Plaintiff was treated less favorably when she was on time for training and younger agents were treated more favorably and allowed to sign-in on time when in fact they were 20, 30, or 40 minutes late.



6-2-2020

## D. Statement of Claims – Eleventh Claim

**Age Discrimination in Violation of the Colorado Anti-Discrimination Act (CADA)**

42. The above paragraphs 1-15, 17, 19, 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 37, 38, 39, 40 and 41 are repeats and realleges and incorporated by reference herein.

## F. Request For Relief

43. The plaintiff claims (one – eleven) described in this Complaint demonstrates that discrimination, retaliation and harassment is not unusual for New York Life and continues to operates its standard operating practices, polices and or patterns in violation of the Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981), Age Discrimination in Employment Act (ADEA), and the Colorado Anti-Discrimination Act (CADA).

44. New York Life conduct was intentional and with malice and disregards of plaintiff's protected civil rights laws. As a direct result of New York Life race, sex and age discrimination, retaliation, and harassment conduct in violation of the Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, as amended (Section 1981), Age Discrimination in Employment Act (ADEA), and the Colorado Anti-Discrimination Act (CADA), plaintiff has suffered injury and harm and continues to suffer and, described below are request for relief:

1. Injunctive relief restraining Defendant from engaging in discriminatory conduct.
2. All monetary damages and economic damages.
3. Loss of Pay.
4. Compensatory damages to the maximum allowed by suffered because of the racial, sex, and age discrimination and retaliation.
5. Emotional Non-economic damages.
6. Punitive damages.



6-2-2020

7. Costs and reasonable attorneys' fees incurred with this lawsuit.

8. Other damages and further relief as deem just and proper that is permitted by law.

**JURY DEMAND**

The Plaintiff requests trial by jury.

Dated: June 2, 2020

Respectfully Submitted,

Kimberly JaJack, Plaintiff
Pro Se



6-2-2020