DocuSign Envelope ID: CEB7918B-E4C3-434D-A9E1-0A91F91495B2

EXHIBIT A

**NEW YORK LIFE INSURANCE COMPANY**
51 Madison Avenue, New York, NY 10010

**NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION**
(A Delaware Corporation)
51 Madison Avenue, New York, NY 10010

**NYLIFE INSURANCE COMPANY OF ARIZONA**
(An Arizona Corporation)
14850 N. Scottsdale Road, Suite 400, Scottsdale, AZ 85254

# AGENT'S CONTRACT
(Form N9 – 05/16)

Agent: KIMBERLY JAJACK

Address: 19405 E FLOYD AVE
(Street)

AURORA (City) CO (State) 80013 (Zip)

General Office: COLORADO GENERAL OFFICE D44

New York Life Insurance Company, New York Life Insurance and Annuity Corporation, and NYLIFE Insurance Company of Arizona (hereinafter collectively "New York Life") hereby authorize the Agent named above (hereinafter "You" and "the Agent") to solicit applications for individual life insurance policies, individual annuity policies, individual health insurance policies, group insurance policies, and group annuity policies offered by New York Life at the time and place such applications are obtained.

It is mutually agreed that this authority to act as a soliciting agent of New York Life is granted by New York Life and accepted by You upon the following limitations, terms, provisions and conditions:

1. **License Required.** You shall have no authority to solicit applications or conduct business in any jurisdiction unless You are duly licensed and appointed under the laws of such jurisdiction and specifically authorized by New York Life to engage in such activities.

   By entering into this Agent's Contract, You and New York Life agree that You will be required to become a registered representative of NYLIFE Securities LLC, New York Life's affiliated Broker-Dealer. If You are not currently registered with the Financial Industry Regulatory Authority (FINRA), You must take the qualifying Series 6 or Series 7 FINRA exam by no later than twelve (12) months from the Effective Date hereof.

2. **Business Conduct.** You shall operate your business in strict conformance with all applicable laws, rules and regulations, the rules and policies of New York Life, and with high ethical standards.

3. **Assigned Office.** You shall conduct business with New York Life through the General Office named above until further written notice from New York Life.

DocuSign Envelope ID: CEB7918B-E4C3-434D-A9E1-0A91F91495B2

4. **No Exclusive Territory.** You shall have no exclusive right to solicit applications in any territory.

5. **Authority.** You shall have no authority, for or on behalf of New York Life, to:

    a. Accept risks of any kind;
    b. Make, modify or discharge contracts;
    c. Extend the time for paying any premium;
    d. Bind New York Life by any statement, promise or representation;
    e. Waive forfeitures or any of New York Life's rights or requirements;
    f. Place New York Life under any legal obligation by any act that is not within the authority granted to You in this Agent's Contract or otherwise in writing by New York Life.

6. **Collection of Premiums.** You shall have the authority to receive or collect for New York Life any premiums or other moneys due or that become due only as follows:

    a. In connection with each application and supplementary application, You may collect an amount not to exceed the policy's full first premium (or single premium for a single premium policy), but only if You deliver to the applicant the coupon receipt attached to the application and corresponding therewith in date and number;
    b. If the full first premium is not paid when the application is taken, You shall collect any unpaid balance of all premiums due New York Life as of the delivery date;
    c. In the interval between the dates on the application and delivery, You may collect an amount equal to the unpaid balance or the first full premium, by using the proper amended application form provided by New York Life;
    d. In connection with a change of, the conversion of, the reinstatement of, or the addition of a rider to an in-force policy, You may collect the amount charged to the policyowner by New York Life for completing the change, conversion, reinstatement or addition;
    e. You may collect an amount equal to the "premium in advance" in accordance with New York Life's rules and policies; and
    f. You may collect, consistent with New York Life's rules and policies, subsequent premium payments (non-cash) and additional non-cash deposits.
    g. All moneys received by You for or on behalf of New York Life shall be received in a fiduciary capacity, and shall not be used for any personal or other purpose whatsoever. Such moneys shall be immediately paid over to New York Life.

7. **Independent Contractor.** You understand that You are an independent contractor of New York Life. You agree to solicit applications for New York Life on a full-time basis. You shall at all times operate as a "full time life insurance salesman" for New York Life within the meaning of the Federal Internal Revenue Code. Nothing contained in this Agent's Contract or the rules or policies of New York Life shall create, or be construed to create, the relationship of employer and employee between New York Life and You. Subject to the provisions and within the scope of authority granted by this Agent's Contract, You shall be free to exercise your own discretion and judgment with respect to the persons from whom You will solicit applications, and with respect to the time, place, method and manner of solicitation and performance under this Agent's Contract. Notwithstanding the terms of this Section 7, You agree not to engage in conduct that will affect adversely the good standing or reputation of New York Life. Furthermore, You:

    a. Shall be treated as an independent contractor for all purposes, including but not limited to federal and state taxation, withholding (other than Federal Insurance

Contributions Act (FICA) taxes required for full time life insurance agents pursuant to Section 3121(d)(3) of the Federal Internal Revenue Code), unemployment insurance and workers' compensation;

b. Shall be paid a commission based on your sales activity, without deduction for taxes (other than FICA taxes required for full time life insurance agents pursuant to Section 3121(d)(3) of the Federal Internal Revenue Code), which shall be directly related to sales or other output;
c. Shall not receive any remuneration related to the number of hours worked;
d. Shall be ineligible for overtime;
e. Shall be permitted to work any hours that You choose;
f. Shall be permitted to work out of your office or home, or the New York Life General Office named above; and
g. May be provided with office facilities, clerical support, and certain supplies, but You shall otherwise bear your own expenses, including but not limited to automobile, travel and entertainment expenses.

New York Life shall comply with the provisions of this Section 7 and any statutes and regulations pertaining thereto. Such compliance shall not affect your status as an independent contractor nor should it be construed as an indication that You are an employee of New York Life.

8. **Handbook.** You acknowledge receipt of the Agent/Registered Representative's Handbook and agree to observe and abide by the limitations of authority and the rules and policies specified therein and in any amendments and supplements thereto (collectively, the "Handbook"), and in other published New York Life rules and policies, now in existence or as may be adopted after execution of this Agent's Contract.

9. **Compensation**. Your compensation will be commission-based, with certain incentive components, if eligible, based upon persistency and your production. A ledger account, referred to herein as the Agent's ledger, will be established for You. Credits and debits will be entered on the Agent's ledger in accordance with this Agent's Contract, such other agreements that may be entered into between You and New York Life, and the Company's rules, procedures and practices concerning the administration of an Agent's ledger (including the application of debits to the Agent's ledger pursuant to expense authorization forms executed by You). You will receive payments no less frequently than twice per month, on or about the 1st and 15th of each month, in the amount, if any, that the credits exceed the debits applied to the Agent's ledger. Such credits and debits shall be reconciled on a rolling basis as they are posted to the ledger. All payments from the ledger account are subject to the applicable rules and procedures concerning advancing, annualization and reversal of commissions and similar adjustments for offsetting of expenses.

   You agree that your rights to receive commissions and service fees as provided in this Agent's Contract shall be further subject to the rules relating to commissions and service fees as contained in the Handbook, and in other published New York Life rules and policies, now in existence or as may be adopted after execution of this Agent's Contract.

10. **Fees, Charges and Payments.** You shall be liable for payment of the fees, charges and payments specified in the Handbook, this Agent's Contract, and in other published New

York Life rules and policies now in existence or as may be adopted after execution of this Agent's Contract.

11. **Direction and Control.** No Handbook, amendment, supplement or other published New York Life rule hereafter adopted pertaining to Sections 8-10 herein shall be construed to restrict your right to direct and control your work in performance of this Agent's Contract.

12. **Employees of Agent.** You shall be wholly responsible for the acts of your employees. You agree to hold New York Life harmless and indemnify New York Life from any claim arising out of any acts or omissions of your employees, including but not limited to any unauthorized expense incurred by your employees.

13. **Continuing Education.** You shall timely complete continuing education requirements mandated by any federal or state government authority or any other regulatory authority, as well as New York Life-mandated training and education requirements.

14. **Reimbursement.** To the fullest extent allowed by law, You shall reimburse New York Life for all attorney's fees, costs, expenses, losses, damages and liability of every kind which New York Life may at any time incur or pay on account of:
    a. Any claim arising from or related to any misconduct, error, act or omission, or any unauthorized act by You, your employees, or those acting on your behalf;
    b. Any breach by You of any terms or provisions of this Agent's Contract or any of New York Life's procedures, rules or guidelines;
    c. Any assignment, garnishment, attachment or other legal process or order of any kind arising from or related to this Agent's Contract or any other agent's contract with New York Life;
    d. Your failure, upon the voluntary or involuntary termination of this Agent's Contract for any reason, including but not limited to your resignation or retirement, to immediately turn over to New York Life all client files, whether in paper, electronic, or any other format.

15. **Paramount and Prior Lien.** New York Life is hereby given a paramount and prior lien upon all compensation credited to your Agent's ledger under or as a result of this or any previous agent's contract with New York Life and under any and all agreements amendatory or supplementary to this Agent's Contract. Such lien shall be security for the payment of any claim, indebtedness, or reimbursement due or to become due to New York Life from You. Such lien shall not limit New York Life's other legal or equitable remedies as regards such indebtedness or reimbursement, including but not limited to, the right to charge interest and to recover the cost of any collection and attorney's fees.

16. **Right of Offset.** Any sums becoming due to You pursuant to this Agent's Contract or otherwise, at any time, may be applied directly by New York Life to the liquidation of your indebtedness or obligation to New York Life, with applicable interest. The failure to so apply any sums shall not be deemed a waiver of New York Life's lien on any sums that become due nor impair New York Life's rights to so apply such sums. Any indebtedness or obligation remaining after offset shall be a personal debt owed by You to New York Life and is recoverable at any time with the maximum allowable interest under applicable law.

New York Life reserves the right to demand full and immediate repayment of such indebtedness.

17. **Legal and Regulatory Proceedings.** You shall promptly notify New York Life if:
    a. You are arrested, charged or investigated by any Federal, state or local government authority or self-regulatory authority;
    b. You become involved in any litigation or the subject of any customer/client complaint;
    c. any judgments are adjudicated against You;
    d. any professional license, including your license to act as an insurance agent, registered representative or investment advisor representative, is ever refused, suspended, revoked or restricted;
    e. You become enjoined, temporarily or otherwise, from acting under such a professional license;
    f. You are arrested, summoned, arraigned or indicted for a criminal offense; or
    g. You become involved in bankruptcy proceedings.

18. **Right to Suspend.** New York Life shall have the right to immediately suspend this Agent's Contract and the authority conferred herein if You are arrested, charged or investigated by any Federal, state or local government authority or other regulatory authority, or in the event that New York Life has reasonable grounds to investigate information or allegations indicating that You violated any published rule, regulation or policy guideline of New York Life or any law, rule or regulation. Such suspension may remain in effect until the final resolution of the subject matter of the arrest, charge or investigation or in anticipation of the possible termination of this Agent's Contract.

19. **Termination Without Cause.** Either You or New York Life may, with or without cause, terminate this Agent's Contract upon written notice, said termination to become effective thirty (30) days after the date of such notice. This right of termination is not restricted by the provisions of Section 20 below.

20. **Termination With Cause.** New York Life shall have the right to terminate this Agent's Contract for cause, immediately upon providing You with written notice, for any one or more of the following:
    a. Revocation or suspension by any state, jurisdiction or regulatory authority of any professional license, including a license to act as an insurance agent, registered representative or investment advisor representative;
    b. Violation of any federal or state law, rule or regulation or the rules or regulations of any regulatory or self-regulatory authority;
    c. Violation of any of New York Life's policies, procedures, rules or guidelines;
    d. Withholding of any policy or document after such policy or document was demanded by New York Life;
    e. Withholding or misappropriation of customer or New York Life funds;
    f. Violation of the anti-rebating or anti-discrimination rules;
    g. Any act of fraud or forgery.

21. **No Termination Waiver.** Any failure of New York Life in any instance to terminate this Agent's Contract when reason for such termination exists, or to insist upon compliance

with any of the limitations, terms, provisions and conditions of this Agent's Contract, shall not be construed as a waiver of any of New York Life's rights or of any such limitations, terms, provisions and conditions, or of the right of New York Life to thereafter enforce its rights or insist upon such compliance.

22. **Confidentiality.** In the course of performing your duties as a New York Life agent, New York Life may disclose to You, You may have or be given access to, or You may develop, certain confidential information, proprietary information and/or trade secrets of New York Life (hereinafter collectively, "Confidential Information").

a. Unless otherwise excluded in this Section 22, Confidential Information shall mean any and all information provided to You by New York Life, its customers or its prospective customers, or to which You have or are given access, in whatever form, verbal or otherwise. Confidential Information includes, but is not limited to, customer and prospective customer information, lists and files; agent and prospective agent information, lists and files; equipment; material; supplies; manuals; business and marketing plans; rate books; forms; lists; records; files; data; reports; research, agreements; proprietary information; trade secrets and intellectual property whether or not identified as "Confidential Information," in whatever media, electronic or otherwise; and any other materials identified in writing as "Confidential Information."

b. The term "Confidential Information" shall not apply to information that:

i. has been legally in your possession prior to its disclosure to You by New York Life and is not subject to any non-disclosure obligations;

ii. has become part of the public domain through no fault of your own;

iii. has been developed subsequent to, and independent of, disclosure to You by New York Life; or

iv. has been released in writing by New York Life for public disclosure, or is otherwise deemed by New York Life, in writing, to no longer be confidential.

c. You shall not use New York Life's Confidential Information other than for the purposes of performing the duties specified in this Agent's Contract.

d. You shall hold all Confidential Information in strictest confidence, and take all steps required by New York Life to maintain this confidentiality. You shall not copy, reproduce or alter, either in whole or in part by any method whatsoever, such Confidential Information unless agreed upon in advance and in writing by an executive officer of New York Life.

e. You shall not divulge Confidential Information to, share such information with, or permit access to it by, any individual or organization not then currently engaged or employed by New York Life.

f. You shall not, without the prior written consent of New York Life, remove from New York Life's premises, copy or disclose Confidential Information to any third party, or otherwise jeopardize the confidential nature of the Confidential Information.

g. You shall establish administrative, physical and technical safeguards to ensure the security and confidentiality of all Confidential Information that You collect, use, disclose or maintain on behalf of New York Life and to protect against unauthorized access to or disclosure of Confidential Information. You shall abide by New York

Life's policies and procedures for the proper safeguarding of Customer Information maintained on any computers or portable devices.

h. You shall report to New York Life within three days any unauthorized use or disclosure, actual or suspected, of Confidential Information. You shall comply with applicable laws, rules and regulations related to the Confidential Information. New York Life shall have the right to perform audits of your performance and procedures under this Contract.

i. You shall require that your employees or representatives, with whom New York Life permits You to provide access to Confidential Information under this Contract, agree to the same restrictions and conditions that apply to You with respect to such Confidential Information.

j. Upon the voluntary or involuntary termination of this Agent's Contract for any reason, including but not limited to your resignation or retirement, You agree to immediately surrender to New York Life or its designee the original and any copies, notes, recordings, transcriptions or any other reproductions of Confidential Information, in any form whatsoever, regardless of whether or not You have retained it in your personal possession.

k. Your obligations in this Section 22 shall survive the return of such Confidential Information, and the voluntary or involuntary termination of this Agent's Contract for any reason, including but not limited to your resignation or retirement.

23. **Non-Replacement / Non-Interference.**

a. Within any jurisdiction(s) in which You, during the term of this Agent's Contract, have been licensed to sell insurance, annuities or securities for New York Life or any of its subsidiary or affiliated companies, and during the term of this Agent's Contract and for twenty-four (24) months following its voluntary or involuntary termination for any reason, including but not limited to your resignation or retirement:

i. You shall not in any way directly or indirectly advise, induce or assist any customer of New York Life or any of its subsidiary or affiliated companies, be it a person, a company or an organization, to reduce, replace, lapse, surrender, cancel or otherwise relinquish any insurance, annuities or securities products obtained from or through New York Life or any of its subsidiary or affiliated companies.

ii. You shall not in any way directly or indirectly make use of or allow another to make use of any Confidential Information (as that term is defined in Section 22 hereof) to advise, induce or assist any customer of New York Life or any of its subsidiary or affiliated companies, be it a person, a company or an organization, to reduce, replace, lapse, surrender, cancel or otherwise relinquish any insurance, annuity or securities products obtained from or through New York Life or any of its subsidiary or affiliated companies.

iii. You shall not in any way directly or indirectly induce or assist in any way in the inducement or attempted inducement of, any New York Life agent or employee to leave New York Life or in any way modify his/her relationship with New York Life. You shall not directly or indirectly, hire or contract with, or cause others to hire or contract with, any employees or agents of New York Life. You shall not directly or indirectly, participate, encourage

or assist in the hiring or contracting process for any other company of any employees or agents of New York Life.

b. Upon termination, You shall promptly inform New York Life of the identity of any of your subsequent employers (whether You are engaged as an independent contractor or employee) that are engaged in the business of insurance, along with your new title and a description of your new position. You hereby authorize New York Life to present a copy of this Agent's Contract to any such employer.

c. Without prejudice to whatever other recourse New York Life may have in the event that You violate any provision of Sections 22 or 23 hereof, such as a claim for damages, New York Life shall have the right to obtain equitable relief in aid of arbitration where necessary to prevent violations of Sections 22 or 23 hereof. Such relief shall include, but not be limited to, temporary restraining orders and temporary or preliminary injunctions. You hereby acknowledge that, in the event of any such violation, New York Life will suffer irreparable harm and that an injunction is therefore a necessary remedy under the circumstances.

d. In any successful action by New York Life to enforce this Section 23, You shall be liable for liquidated damages of an amount equal to 100% of the commissions New York Life ever paid to You on each New York Life insurance, annuity or securities product cancelled, lapsed, surrendered, replaced or reduced in value as a result of your violation of this Section 23.

24. **Arbitration.**

a. The Agent and New York Life (which includes New York Life, NYLIFE Securities LLC and their affiliates, successors, employees and agents) agree that any dispute, claim, request for equitable relief, or controversy arising between them, including but not limited to those alleging wrongful or unlawful discharge, oremployment discrimination or harassment based on sex, race, age, disability, or status in any other group or class, or retaliation, in violation of any federal, state or local statute, regulation, common law or rule (hereinafter "the Claim"), as well as any dispute as to whether such Claim is arbitrable, shall be resolved by a final and binding arbitration proceeding administered by the Financial Industry Regulatory Authority ("FINRA") in accordance with its applicable arbitration rules ("FINRA's arbitration rules") then in effect. These rules may be found at www.finra.org.

b. The following disputes and claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum as required by the laws then in effect: (1) claims for workers' compensation benefits (except for claims of retaliation or discrimination), unemployment insurance, or state or federal disability insurance; (2) claims for benefits or breach of fiduciary duty arising under or relating to a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); (3) matters within the jurisdiction of the National Labor Relations Board; and (4) any other dispute or claim that has been excluded from arbitration by applicable law that is not preempted by the Federal Arbitration Act.

c. In the event that a claim is not arbitrable under FINRA's arbitration rules, or FINRA refuses to arbitrate the Claim, the Agent and New York Life agree that the Claim, as well as any dispute as to whether such Claim is arbitrable, shall be resolved by a sole arbitrator in a final and binding arbitration proceeding administered by the American Arbitration Association (hereinafter "AAA") in accordance with its rules for the resolution of employment disputes then in effect. These rules may be found

at www.adr.org.

d. The Agent and New York Life both agree to waive any right to a jury trial with respect to any Claim covered by this Agreement.

e. The Agent and New York Life agree that no claim may be initiated or maintained on a class action, collective action or representative action basis either in court or arbitration. All Claims must be brought in a party's individual capacity, and not as a plaintiff or class representative or member or otherwise on behalf of others in any purported class, collective, or representative proceeding. The Agent and New York Life further agree that if, for any reason, the waiver of any ability to initiate or maintain a claim as a class, collective or representative action is found to be unenforceable or invalid, then any such class, collective or representative action or claim shall be litigated and decided in a court of competent jurisdiction, and not in arbitration. Any issue concerning the enforceability or validity of the waiver must be decided by a court, and not by an arbitrator.

f. Claims may not be joined or consolidated in arbitration with claims brought by other individuals, and no damages or penalties may be sought or recovered on behalf of other individuals, unless agreed to in writing by all parties. The parties agree that in the arbitration of any claims between them, the arbitrator will be required to resolve the dispute based the applicable law and the facts presented as a matter of record. Neither party will request, nor will the arbitrator be permitted, to treat as binding or preclusive any decision or ruling by a different arbitrator resulting from a dispute between New York Life and any other Agent or person.

g. Exclusive of Claims alleging employment discrimination including employment discrimination or harassment based on sex, race, age, disability, or status in any other group or class, or retaliation, in violation of any federal, state or local statute, regulation or rule, or any other claims as to which New York Life is required under applicable law to bear the costs and expenses of the arbitrator(s) and/or any other type of cost or expense that the Agent would not be required to bear if the claims were brought in court, the costs and expenses of the arbitrator or arbitrators for any arbitration shall, to the extent permitted by FINRA or AAA's rules, be split evenly between the Agent and New York Life.

h. Nothing in this Agreement should be interpreted as restricting or prohibiting the Agent from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation. Any dispute or claim that is covered by this Agreement but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Agreement.

i. This section shall survive termination of this Agent's Contract by either party.

25. **Legal Fees and Other Expenses.** If New York Life is successful in any proceeding or suit against You brought to enforce any provision of Sections 22 or 23 hereof, or brought to establish damages sustained by New York Life as a result of violation of any provision of Sections 22 or 23 hereof, or brought to recover, collect and/or satisfy any indebtedness of You to New York Life, You agree to reimburse New York Life for legal fees and other expenses incurred by or on behalf of New York Life relating to or in connection with

DocuSign Envelope ID: CEB7918B-E4C3-434D-A9E1-0A91F91495B2

enforcing the terms of Sections 22 or 23 hereof, or the recovery, collection and/or satisfaction of an indebtedness to New York Life, to the extent permitted by law and FINRA or AAA's rules.

26. **Assignments.** Except for the right to receive commissions, your rights, interests and claims against New York Life arising under or growing out of this Agent's Contract are not assignable, and no assignee shall acquire any rights thereto, without the prior written consent of New York Life. The right to receive commissions under this Agent's Contract may be assigned without the prior written consent of New York Life, but New York Life must receive reasonable proof of such assignment before it commences payment to an assignee. In no event shall New York Life be obligated to make a payment to an assignee that is prohibited by applicable law. New York Life does not assume any responsibility for or guarantee the validity or sufficiency of any assignment. The rights of an assignee under any assignment to which consent has been or may be given, or to an assignment of the right to receive commissions, shall be subject to the paramount and prior lien given to New York Life in Section 15 above and the right of offset given to New York Life in Section 16 above.

27. **Commissions on Individual Life Insurance, Individual Health Insurance and Individual Annuity Policies**

a. New York Life shall credit to your Agent's ledger, subject to all the limitations, terms, provisions and conditions of this Agent's Contract, commissions on premiums received by New York Life under individual life insurance, individual health insurance and individual annuity policies issued as a result of applications obtained by You while this Agent's Contract is in force. Said commissions shall be credited at the applicable rates and for the policy years, or portions thereof, and under the rules and conditions as specified for agents operating under Agent's Contract (Form N9) in New York Life's schedules of first year and renewal commission rates in force at the time the applications are obtained unless specified otherwise in writing by New York Life. A copy of said schedules will be available for your inspection at any reasonable time at the General Office named above.

b. New York Life reserves the right to change compensation, in whole or in part, at any time by providing You with written notice. The new rates, policy years, rules and conditions will apply as set forth in the schedules.

c. On all types and plans of individual life insurance, individual health insurance and individual annuity policies that New York Life may issue and that are not included in the schedules of first year and renewal commission rates, or although included in such schedules are issued under special underwriting terms and conditions, the commissions shall be such as shall be designated in writing by a duly authorized Executive Officer of New York Life.

28. **Service Fees on Individual Life and Individual Health Insurance Policies**

a. New York Life shall credit to your Agent's ledger, if You are the then current agent of record, subject to all the limitations, terms, provisions and conditions of this Agent's Contract, service fees on premiums received by New York Life under individual life and individual health insurance policies. Said service fees shall be credited at the applicable rates and for the policy years, or portions thereof, and under the rules and

conditions as specified for agents operating under Agent's Contract (Form N9) in New York Life's schedules of first year and renewal commission rates in force at the time the policy applications are obtained unless specified otherwise in writing by New York Life.

b. New York Life reserves the right to change compensation, in whole or in part, at any time. The new rates, policy years, rules and conditions will apply as set forth in the schedules.

c. A service fee shall be credited to your Agent's ledger, if at the time the fee is payable, You are the then current agent of record as designated by New York Life, and

    i. The policy for which the fee is payable is in force;
    ii. You are operating under an Agent's Contract with New York Life, and;
    iii. You are servicing the policy in a manner satisfactory to both the policyowner and New York Life. New York Life's decision shall be controlling in any dispute as to whether service is being provided in a satisfactory manner.

29. **Compensation on Group Insurance Policies and Group Annuity Policies**

a. New York Life shall credit to your Agent's ledger, subject to all the limitations, terms, provisions and conditions of this Agent's Contract, compensation on premiums received by New York Life under group insurance policies and on considerations received by New York Life under group annuity policies effected upon applications obtained by You while this Agent's Contract is in force. The amount of such compensation will be determined in accordance with New York Life's compensation rates and rules in force at the time such policy takes effect. A copy of said compensation rates and rules will be available for your inspection at any reasonable time at the General Office named above.

b. New York Life reserves the right to change compensation, in whole or in part, at any time without notice to You, and the new rates, policy years, rules and conditions will apply to premiums received on coverage which becomes effective after any such change takes effect.

c. Compensation with respect to (a) group insurance additions, extensions, liberalizations, reinstatements or replacements, and (b) group insurance underwritten jointly by New York Life and another insurer or reinsured, in whole or in part, by another insurer or by New York Life, shall be determined in accordance with New York Life's rules and regulations, whether published or unpublished, which are in effect at the time of the addition, change or underwriting.

d. Upon the voluntary or involuntary termination of this Agent's Contract for any reason, including but not limited to your resignation or retirement, You shall only be entitled to Renewal Commissions if explicitly and unambiguously outlined in New York Life's schedules of first year and renewal commission rates in force at the time the applications are obtained, unless specified otherwise in writing by New York Life.

30. **Chargebacks.** Should New York Life, in its sole discretion, deem it appropriate at any time to reject, decline, rescind, reform, modify, or cancel a policy and refund any premium on which You received any payment, or if any reduction in premium occurs, or if any overpayment in compensation occurs, such payment shall be charged back to You. The chargeback shall constitute an indebtedness of You to New York Life and may be debited against your Agent's ledger.

DocuSign Envelope ID: CEB7918B-E4C3-434D-A9E1-0A91F91495B2

31. **Commissions Payable Upon Death.** Any commissions credited to your Agent's ledger under this Agent's Contract after your death shall be credited to your Agent's ledger, as they become due, and be payable to your executors, administrators or assigns after deduction therefrom of any indebtedness or obligation owed by You to New York Life.

32. **Free and Full Exercise of Judgment.** Nothing in this Agent's Contract, or any amendment or supplement to this Agent's Contract, nor in any of the printed literature or forms of New York Life, shall impair New York Life's right to the full and free exercise of its judgment in acting upon any application for an insurance or annuity policy. You shall have no right to any commission for submitting any application upon which no insurance or annuity policy is effected with New York Life.

33. **Written Notice.** Written notice to You under this Agent's Contract or any amendment or supplement to this Agent's Contract may be given by mail or by publication in any official publication or bulletin of New York Life or by any other means, except that a notice under Sections 19 or 20 above shall not be given by means of such publication. If written notice to You is given by mail, it shall be deemed to have been given when duly addressed and mailed to your last known post office address, postage prepaid. If such notice is given by publication, it shall be deemed to have been given whenever published as above.

34. **Effective Date.** This Agent's Contract shall take effect as of the Effective Date stated on the Countersignature Page hereof, provided the Agent's Contract is duly signed by You and a Countersignature Page is issued, signed and countersigned by New York Life's duly authorized representatives.

35. **Severability.** The provisions of this Agent's Contract shall be considered severable and independent of each other and in the event that any provision of this Agent's Contract is found to be invalid or unenforceable, the remaining provisions of this Agent's Contract shall remain in full force and effect.

36. **Non-Waiver.** The failure of New York Life to enforce or require performance of any provision of this Agent's Contract shall not constitute a waiver of the right to enforce such provision at a later time.

37. **Construction.** To the fullest extent allowed by law, this Agent's Contract shall be governed by and interpreted in accordance with the laws of the State of New York without regard to conflict of law rules.

38. **Jurisdiction and Venue.** In the event that both FINRA and AAA decline to arbitrate any dispute hereunder in accordance with Section 24 hereof, each of the parties to this Agent's Contract consents to the jurisdiction and venue of the state and federal courts within the State of New York for any action arising out of this Agent's Contract, except that either party may seek an injunction in aid of arbitration in any court of competent jurisdiction.

DocuSign Envelope ID: CEB7918B-E4C3-434D-A9E1-0A91F91495B2

39. **Errors and Omissions Insurance Coverage**. At your own expense, You shall obtain and maintain errors and omissions insurance coverage from the New York Life-Sponsored Professional Liability Policy or an "A"-rated insurance carrier in an amount and in such terms as New York Life may from time to time determine. You shall provide evidence of such coverage when requested by New York Life. New York Life reserves the right to change the amount and terms of required coverage at any time upon providing You with written notice. Failure to comply with this provision shall constitute grounds for the immediate termination of this Agent's Contract.

40. **Contract Year.** The First Contract Year under this Agent's Contract will commence on the Effective Date in the calendar month stated on the Countersignature Page hereof and will end in the next succeeding year on the last day of the calendar month specified in said Effective Date. Each subsequent Contract Year shall be a period of twelve (12) consecutive calendar months ending in each succeeding year on the last day of the calendar month so specified. It is understood and agreed for all purposes of your association with New York Life that any policies effected upon applications obtained by You while any Introductory Contract was in force immediately prior to the Effective Date of this Agent's Contract, shall be deemed to have been obtained during the First Contract Year, as defined above.

41. **Headings.** The headings in this Agent's Contract are for reference purposes only. These headings shall not be deemed part of this Agent's Contract or to affect its meaning or interpretation.

42. **Survival.** The following Sections shall survive termination of this Agent's Contract by either party for any reason: 12, 14, 15, 16, 21, 22, 23, 24, 25, 26, 30, 36, 38 and 39, and any other sections that by their nature should survive termination.

[Remainder of page intentionally left blank]

**IN WITNESS WHEREOF,** the Agent has duly subscribed the Agent's name to this Agent's Contract.

Witnessed by DocuSigned by: LEROY GARCIA

KIMBERLY JAJACK
Print Name of Agent

DocuSigned by: Kimberly JaJack

Signature of Agent

**This Agent's Contract is not effective until it is duly signed by the Agent, approved by New York Life's Home Office and a Countersignature Page is issued, signed and countersigned by New York Life's duly authorized representatives and specifying the Effective Date hereof.**